SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

FEB -1 2022

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 22-cr-30005 |
| Plaintiff, ) | |
| ) | VIOLATIONS: |
| v. ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| PHILLIP M. JENSEN, ) | 21 U.S.C. § 843(a)(3) |
| ) | 18 U.S.C. § 1365(a) |
| Defendant. ) | 18 U.S.C. § 1035 |

**INDICTMENT**

The Grand Jury charges:

**COUNTS 1-8**
(Drug Diversion)

At all times material:

1.  PHILLIP M. JENSEN ("JENSEN") was a dentist who was licensed to practice in the State of Illinois. JENSEN owned and operated his own practice located in Springfield, Illinois. JENSEN specialized in oral and maxillofacial surgery and was licensed by the State of Illinois for this specialization.

2.  Insurance coverage and payment for oral and maxillofacial surgery was available through both public and private "health care benefit programs" (as defined in Title 18, United States Code, Section 24(b)) such as Medicare, Medicaid, and Molina Healthcare of Illinois.

3. As part of his employment, JENSEN applied for and received a "DEA Number." A DEA Number was a unique identifier that was assigned to an individual health care provider by the Drug Enforcement Administration ("DEA"). A health care provider must have a DEA Number in order to purchase, dispense, administer, and write prescriptions for controlled substances. A health care provider with a DEA Number was known as a "registrant."

4. During the relevant time period, JENSEN was the only medical professional at his practice who was a registrant.

5. Fentanyl was a Schedule II controlled substance and was sold, as relevant to this indictment, in 2ml and 5ml vials. Each vial was clearly labeled, by the manufacturer, with markings indicating the size of the vial, the contents of the vial, and the concentration of the fentanyl contained therein.

6. The vials contained a "safety cap" which had to be removed in order to access the fentanyl within the vial. Once the safety cap was removed, a needle was used to extract the necessary quantity of fentanyl from the vial and this quantity was then administered to a patient. Any excess fentanyl was disposed of or "wasted." Safety caps were not designed to re-attach after their removal.

7. Starting at least as early as December 2019 and continuing through at least August 17, 2020, JENSEN used his DEA Number to order fentanyl vials.

JENSEN purportedly bought the fentanyl to be used as an anesthesia during surgery.

8. Unbeknownst to his patients, JENSEN adulterated the fentanyl vials he purchased before he used the adulterated fentanyl in surgery. Specifically, prior to surgery, JENSEN removed the safety caps from the vials of fentanyl, pierced the vials, extracted half of the fentanyl from the vials and set it aside for his personal use. JENSEN then pierced the vials a second time and injected another substance to replace the amount of fentanyl he had removed. JENSEN then glued the safety cap back onto the vials.

9. JENSEN then took the adulterated fentanyl—which was now at half its labeled strength—and administered it to his patients as anesthesia.

10. JENSEN maintained medical records for each of his patients. In most instances, JENSEN made entries and caused entries to be made in those medical records indicating that his patients had received full strength, unadulterated, fentanyl. JENSEN never recorded and caused to be recorded the fact that he had administered adulterated fentanyl.

## Diversions of Fentanyl

11. On or about each of the dates set forth below, in the Central District of Illinois and elsewhere,

PHILLIP M. JENSEN,

a registrant authorized to dispense controlled substances, knowingly distributed and dispensed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Each distribution listed below was issued outside the scope of professional practice and not for a legitimate medical purpose, each distribution constituting a separate offense:

| Count | Date | Patient |
| --- | --- | --- |
| 1. | 1/3/2020 | A.S. |
| 2. | 2/21/2020 | R.F. |
| 3. | 3/9/2020 | K.D. |
| 4. | 3/31/2020 | K.B. |
| 5. | 5/15/2020 | P.K. |
| 6. | 6/4/2020 | M.M. |
| 7. | 7/13/2020 | B.M. |
| 8. | 8/17/2020 | D.R. |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 9-16
### (Acquiring a Controlled Substance by Fraud)

12.   The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 10 as if fully set forth herein.

13.   On or about each of the dates set forth below, in the Central District of Illinois and elsewhere,

PHILLIP M. JENSEN,

defendant herein, knowingly and intentionally obtained fentanyl, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, on or about the dates listed below he removed fentanyl from the vials that were used in the surgeries of each patient and concealed his actions by refilling the vials with another substance and gluing the safety caps back on, each instance constituting a separate offense:

| Count | Date | Patient |
|---|---|---|
| 9. | 1/17/2020 | D.D. |
| 10. | 2/21/2020 | P.N. |
| 11. | 3/6/2020 | H.K. |
| 12. | 3/17/2020 | C.B. |
| 13. | 5/22/2020 | S.J. |
| 14. | 6/12/2020 | Z.F. |
| 15. | 7/10/2020 | C.S. |
| 16. | 8/11/2020 | N.R. |

All in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 17
### (Tampering with Consumer Products)

14.     The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 10 as if fully set forth herein.

15.     On or about August 6, 2020, in the Central District of Illinois and elsewhere,

### PHILLIP M. JENSEN,

defendant herein, with reckless disregard for the risk that another person would be placed in danger of death and bodily injury, and under circumstances manifesting extreme indifference to such risk, did tamper with a consumer product that affected interstate and foreign commerce, specifically fentanyl vials and with the labeling of and container for such a product by removing half of the fentanyl from the vial, adulterating it by replacing the volume he took with another substance rendering the contents of the vial at half its labeled strength and administering said adulterated fentanyl to S.M., a patient, and serious bodily injury to S.M. resulted.

All in violation of Title 18, United States Code, Section 1365(a).

## COUNTS 18-20
**(False Statement Relating to Health Care Matters)**

16. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 10 as if fully set forth herein.

17. On or about each of the dates set forth below, in the Central District of Illinois and elsewhere,

PHILLIP M. JENSEN,

defendant herein, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, the nature and extent of the services he provided to patients of his practice, in connection with the delivery of health care benefits, items, and services involving Molina Healthcare of Illinois, a health care benefit program as defined in 18 U.S.C. § 24(b), each instance constituting a separate offense:

| Count | Date | Patient |
| --- | --- | --- |
| 18. | 6/8/2020 | C.A. |
| 19. | 1/17/2020 | R.P. |
| 20. | 5/22/2020 | S.W. |

All in violation of Title 18, United States Code, Section 1035.

A True Bill,

s/ Foreperson
_____
Foreperson

s/ Douglas F. McMeyer  for
_____
Gregory K. Harris
UNITED STATES ATTORNEY
DFM